IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TREVOR PERRY,

        Petitioner,

vs.                               Case No. 3:15-cv-00944-DRH

JAMES CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Trevor Perry is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Perry has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2008 sentence for conspiracy to distribute cocaine that was imposed by the United States District Court for the Southern District of Indiana. (*Id.*) Perry claims that his sentence was enhanced under the career offender provision of the United States Sentencing Commission Guidelines Manual, and that this enhancement was improper given the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). (*Id.* at 3.)

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## Background

In 2008, Perry was tried and convicted in the United States District Court for the Southern District of Indiana for engaging in a conspiracy to distribute less than five grams of cocaine base. (Doc. 1 at 1.) Perry was sentenced to three-hundred and twenty-seven months in prison, a sentence that Perry says was enhanced under the career offender provision of the sentencing guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1. Perry appealed his conviction and his sentence, and both were affirmed in December 2009. *See United States v. Neighbors*, 590 F.3d 485, 499 (2009). He did not file a petition for certiorari in the United States Supreme Court.

In 2011, Perry filed a motion to vacate, set aside, or correct his sentence in the Southern District of Indiana under 28 U.S.C. § 2255, claiming that he was denied effective assistance of counsel at trial. The motion was denied on February 12, 2014, as was a certificate of appealability. *Perry v. United States*, No. 3:11-cv-00045, slip op. at 7-8 (S.D. Ind. Feb. 12, 2014). On August 1, 2014, the Seventh Circuit denied Perry's follow-up request for a certificate of appealability with the circuit court, an action that concluded his appeal. *Perry v. United States*, No. 14-1764, slip op. at 1 (7th Cir. Aug. 1, 2014).

Perry currently resides at the Federal Correctional Institution in Greenville, Illinois, a federal prison located in this district. (Doc. 1 at 1.) On August 25, 2015, Perry filed a § 2241 petition in this Court. (*Id.*)

## Discussion

Perry raises a single ground for relief in his petition: he says that his three-hundred and twenty-seven month sentence was enhanced under the career offender provision of the sentencing guidelines, and that this enhancement was improper because the career offender provision uses the same language as the residual clause of the Armed Career Criminal Act – language that was found to be unconstitutional in *Johnson*, 135 S. Ct. at 2563.

Perry has chosen § 2241 as his vehicle for this challenge, and there is some question as to whether that is the correct route. Ordinarily, a prisoner must challenge his federal "conviction and sentence" via a motion under 28 U.S.C. § 2255; he can only use a § 2241 habeas petition to seek relief "on grounds concerning the execution" of his federal sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). That said, on rare occasions, federal prisoners may utilize § 2241 to challenge the legality of a conviction or sentence pursuant to the "savings clause" of 28 U.S.C. § 2255(e). That clause allows a petitioner to attack a sentence with § 2241 if he can show that § 2255 is inadequate or ineffective to test the legality of his detention. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Three conditions must be satisfied for this exception to apply: first, the prisoner must show that he relies on a statutory interpretation case

rather than a constitutional one; second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion; and third, there must have been "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

In this case, Perry falters at the first hurdle, as he has not demonstrated that he is relying on a statutory interpretation case. Perry looks only to *Johnson*, and in that case the Supreme Court made clear that it was putting forth a constitutional ruling, saying that an "increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2553. The Seventh Circuit has since confirmed that *Johnson* was a constitutional ruling, saying that relief under *Johnson* related to an Armed Career Criminal Act sentence was cognizable under § 2255. *Price v. United States*, 795 F.3d 731, 734-35 (7th Cir. 2015) (authorizing second or successive § 2255 motion seeking relief under *Johnson*). The Seventh Circuit has gone on to assume (without deciding) that *Johnson* extends to § 4B1.2 of the United States Sentencing Guidelines, *Ramirez v. United States*, — F.3d —, 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015), and to grant a litigant permission to proceed with a successive § 2255 petition based on a § 4B1.2 challenge linked to the *Johnson* case, *Stork v. United States*, No. 15-2687, slip op. at 1-2 (7th Cir. Aug. 13, 2015). Based on the current legal landscape, then, § 2255 does not

appear unavailable to Perry, and so a § 2241 habeas petition is not the correct vehicle at this juncture.

If Perry decides to pursue relief under § 2255, he is advised that because he has already filed a § 2255 motion, he must seek permission to file a second or successive § 2255 motion with the United States Court of Appeals for the Seventh Circuit before he files his § 2255 motion before the sentencing judge in the Southern District of Indiana. *See* 28 U.S.C. § 2244(b)(3). Perry is further advised that the one-year period of limitations for filing a § 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005).

## Disposition

**IT IS HEREBY ORDERED** that Perry's § 2241 petition is **DISMISSED with prejudice** as it concerns his ability to employ § 2241 at this juncture, but **without prejudice** as to Perry's ability to file a motion via § 2255 or pursue other avenues should § 2255 ultimately prove ineffective or inadequate.

If Perry wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. CIV. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Perry plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Perry does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the

amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  See FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline.  See FED. R. CIV. P. 4(a)(4) (listing motions that alter the time for filing an appeal).

It is not necessary for Perry to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 15th day of September, 2015.

Digitally signed by David R. Herndon
Date: 2015.09.15 10:41:28 -05'00'

**Judge David R. Herndon**
**United States District Judge**